**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                  **Case No. 4:06cr24-SPM
Case No. 4:07cv286-SPM/WCS,**

**JOSE LUIS LEDESMA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Pending in this case is a motion to vacate and set aside a sentence filed by Defendant Jose Luis Ledesma pursuant to 28 U.S.C. § 2255. Doc. 107. The United States filed a response. Doc. 117. Defendant filed a reply. Doc. 118. The Government concedes that the motion was timely filed. Doc. 117, p. 2.

Defendant brings two claims that should be considered as one. Defendant contends that he should have been awarded acceptance of responsibility at sentencing. He claims that his attorneys should have successfully pursued that claim at sentencing and on appeal, and were ineffective for failing to do so.

The basic law governing ineffective assistance of counsel claims was established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Under the two part test of Strickland, Petitioner must

demonstrate both deficient performance and prejudice to the outcome. To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

At the plea colloquy, an official interpreter provided a translation during the proceedings. Doc. 85, p. 1. Defendant asked to enter a *nolo contendere* plea to counts one and two of the indictment. *Id.*, p. 2. Pursuant to long-standing policy, the Government objected to a *nolo contendere* plea. *Id.*, p. 11; doc. 39.

The Court explained that by pleading no contest, "you are not admitting the charges against you, but you are conceding that the government has sufficient evidence to prove your guilt to a jury beyond a reasonable doubt."[1] Doc. 85, p. 7. Defendant said he understood. *Id.* Defendant said he understood he would be adjudged guilty and sentenced as if he had pled guilty or been found guilty by a jury. *Id.*, p. 8.

The Government set forth the following factual basis for the plea:

If this case were to go to trial, the United States would produce competent and substantial evidence to prove that the defendant is guilty of the offense as charged in his pending indictment. The facts would establish the following:

On March 4th, 2006, at approximately 8:12 p.m., a tractor-trailer traveling eastbound on I-10 entered Interdiction Station 06B in Suwannee County, Florida. The driver of the tractor was Jose Luis Ledesma and the passenger was Hary Josue Gonzalez Quezada.

---

[1] An interpreter translated from English to Spanish and vice versa.

Case Nos. 4:06cr24-SPM and 4:07cv286-SPM/WCS

Ledesma gave an agricultural officer a handwritten shipping order and a freight bill in the name of Honor -- it should say -- Truck and Transfer, which indicated the load was pallets of Brawny paper towels. The point of origin and shipper's name and address were blank. The designation was listed as Los Angeles, California -- or Los Angeles, C-A-L, short for California.

While Ledesma was speaking to the agricultural officer, Quezada was observed speaking on a cell phone in the cab.

The trailer was then inspected. The trailer doors were neither locked nor sealed. The payload of the trailer was only about one-third filled with boxes of paper towels. Approximately 85 bundles of marijuana, later determined by the Florida Department of Law Enforcement to weigh 1,603 pounds, were found hidden underneath and between the boxes of paper towels. Approximately one-half of the marijuana bundles were wrapped in blue cellophane and the other half were wrapped in black tape.

Immediately after the marijuana was discovered, the agricultural officer asked Ledesma about the city of origin of the load to which Ledesma first replied Arizona and then Houston, Texas. Later Investigator Allen Davis of the Office of Agricultural Law Enforcement, interviewed Ledesma. Ledesma agreed to answer questions after being read his *Miranda* rights.

Ledesma stated he picked up the truck and trailer in California and was approached by an unknown black male in Houston, Texas, who paid him $1,000 to transport the load to Orlando.

Both Ledesma and Quezada were placed in the back of the same patrol car where their conversation in Spanish was recorded. They discussed telling law enforcement that a black man in Houston gave them $1,000 to transport the paper towels. They also talked about having told Cesar that "they got us."

During a subsequent search of the cab of the truck, approximately $4,000 was found in a luggage [sic] of Quezada. Another shipping order and freight bill was also discovered dated March 4th, 2006, indicating 20 pallets of heat pumps had been shipped by Honor Trucking and delivered to Skipper'S Air Cond [sic] at an address in Mobile, Alabama.

A representative of the Skipper's Air-Conditioning was contacted and indicated their address is in Grand Bay, and they never received such a shipment.

Case Nos. 4:06cr24-SPM and 4:07cv286-SPM/WCS

> In addition, the logbooks of the defendant showed only 4 days of travel. The books showed them arriving in Mobile, Alabama, at 12 noon on March 3rd, 2006, and then both were off duty for 24 hours. The final entry in both logs indicated they left Mobile at approximately 12 noon on March 4th, 2006.
>
> The trailer is owned by TYT Transportation, Inc., out of Paramount, California. The trailer was rented to Ledesma on or about March 2nd, 2006, for $500. The trailer was empty but for a few wooden pallets. It should say, did not have any payload when it was given to Ledesma [sic].
>
> The truck is owned by Honor Truck and Transfer and was leased to Hugo Orellano and Mariam Ochaeta. Hugo Orellano and Mariam Ochaeta are married and the uncle and aunt to Hary Quezada. Jose Luis Ledesma and Hary Josue Gonzalez Quezada traveled from California through the Northern District of Florida before arriving at the interdiction station in Suwannee County, Florida. A gas receipt found in the tractor shows a purchase of gas made in Madison County in the Northern District of Florida on the same day of their arrest.
>
> Also, on that same day, the truck and trailer was photographed going through Sneads weigh station in Jackson County, which is the Northern District of Florida.
>
> In addition, there are no eastbound exits off of I-10 between the Northern District or Florida and the interdiction station in Suwannee County.
>
> At trial the government would prove that Jose Luis Ledesma did conspire to distribute or possess with the intent to distribute the marijuana found in the trailer he was transporting. These facts will be proven through eyewitness testimony, physical evidence, business records, forensic examinations and statements of the defendants.

Doc. 85, pp. 11-14. Defendant acknowledged that the Government could prove those facts beyond a reasonable doubt. *Id.*, p. 15.

Defendant was then asked how he plead to counts one and two of the indictment. *Id.*, p. 19. He said: "Guilty, not guilty." *Id.* He then conferred with his attorney, Randall Murrell, and said: "Guilty because I was bringing the truck. Not guilty

because I wasn't aware of what was at the back of the truck."[2]  *Id.*  The Court then said that it understood that Defendant was pleading no contest and accepted the plea as a no contest plea.  *Id.*, pp. 19-20.

On advice of counsel, Defendant refused to discuss the offense with the probation officer in the preparation of the presentence report.  PSR, ¶ 18.  At sentencing, Defendant was given an opportunity to speak but did not.  Doc. 92, p. 3.

Acceptance of a no contest plea in the face of continued protestations of innocence is within the discretion of the court:

> When a defendant attempts to couple a guilty plea with an assertion of facts that would negate his guilt, a judge may properly treat this assertion as a protestation of innocence.  Though a judge may enter judgment upon a guilty plea offered under these circumstances, he is not required to do so.  *North Carolina v. Alford,* 400 U.S. 25, 38 nn. 10, 11, 91 S.Ct. 160, 167-68 nn. 10, 11, 27 L.Ed.2d 162 (1970). In fact, the Advisory Committee Note to the 1974 amendment to Rule 11 observes:
>
>> The procedure in such case would seem to be to deal with this as a plea of nolo contendere, the acceptance of which would depend upon the judge's decision as to whether acceptance of the plea is consistent with "the interest of the public in the effective administration of justice" [new rule 11(b) ].  The defendant who asserts his innocence while pleading guilty or nolo contendere is often difficult to deal with in a correctional setting, and it may therefore be preferable to resolve the issue of guilt or innocence at the trial stage rather than leaving the issue unresolved, thus complicating subsequent correctional decisions.
>
> In summary, we hold that when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against the plea.

United States v. Gomez-Gomez, 822 F.2d 1008, 1011 (11th Cir. 1987).

---

[2] This is what Defendant told me when I determined that I could not recommend acceptance of his guilty plea on July 12, 2006.  Doc. 44 (minutes).

An *Alford* or *nolo contendere* plea does not necessarily cause a loss of acceptance of responsibility at sentencing. United States v. Rodriguez, 905 F.2d 372 (11th Cir.1990). Indeed, even if Defendant had entered a not guilty plea and gone to trial, he still might have earned acceptance of responsibility. United States v. Thayer, 204 F.3d 1352, 1358 (11th Cir. 2000), *citing*, United States v. Castillo-Valencia, 917 F.2d 494 (11th Cir.1990).

> Pursuant to section 3E1.1(a) of the Sentencing Guidelines, criminal defendants may receive a two-level reduction if they "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for" the criminal conduct. A defendant receives consideration under this provision "without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." § 3E1.1(b). The reduction, however, is not automatic. In appropriate circumstances, the sentencing court may deny a defendant the reduction following a guilty plea, if the defendant does not demonstrate an acceptance of responsibility. *United States v. Rodriguez*, 905 F.2d 372, 374 (11th Cir.1990). *See also* § 3E1.1 application note 3 (guilty plea standing alone does not entitle defendant to reduction).

United States v. Chukwura, 5 F.3d 1420, 1424 (11th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994).

Defendant contends that he "admitted he transported the contraband and he admitted all relevant conduct throughout the proceeding . . . ." Doc. 107, memorandum, p. 6; p. 19 on the electronic case filing docket (ECF). Nothing could be further from the truth. I explained to Defendant that if he was not guilty, he had a right to go to trial. He persisted in a plea of no contest before the district judge. At no point did he admit guilt. He did not admit guilt before me, and he did not admit guilt before the district judge. Indeed, at the very last minute, he again said he was not guilty because he did not know that the marijuana was in the back of the truck. That was highly unlikely, given the fact

that Defendant drove an empty truck from California to Houston, Texas, picked up a load that he says came from an unknown black man, the load was not full, the bundles of marijuana were stuffed under and around the legitimate cargo, and there were *1,602 pounds* of marijuana.

Whether to accept responsibility was Defendant's decision to make. He did not. Defendant did not earn acceptance of responsibility, and his lawyer had nothing to present on his behalf. This claim is without merit.

For these reasons, it is **RECOMMENDED** that Defendant Jose Luis Ledesma's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 107, be **DENIED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2008.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**